| | USDC SDNY |
|---|---|
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #:_____ |
| | DATE FILED: 11/5/2019 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                Plaintiff,

-against-

CATHERINE O'HAGAN WOLFE; JANE DOE (CASE MANAGER FOR 2ND CIRCUIT APPEALS DOCKET "19-2174"); SECOND CIRCUIT COURT OF APPEALS; SECOND CIRCUIT COURT OF APPEALS MAIL DEPARTMENT; JUDGE COLLEEN McMAHON; JUDGE LOUIS L. STANTON; BENJAMIN H. TORRANCE, ESQ.; BARBARA D. UNDERWOOD, ESQ.; U.S ATTORNEYS OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK; NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL; U.S. POSTAL (OFFICE) SERVICE; PROGRESSIVE INSURANCE COMPANY,

                Defendants.

19-CV-7337 (GHW)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

GREGORY H. WOODS, United States District Judge:

    Plaintiff filed this action *pro se*. By order dated October 26, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below and directs Plaintiff to show cause by declaration why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to do so.

**STANDARD OF REVIEW**

    The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

see *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff has filed numerous actions here and in other federal district courts against Progressive Corporation Insurance Company ("Progressive") arising out of a January 28, 2017 car accident in Buffalo, New York. In this action, Plaintiff sues, among others, Catherine O'Hagan Wolfe, Clerk of Court of the United States Court of Appeals for the Second Circuit who denied Plaintiff's appeal; and District Judges Colleen McMahon and Louis L. Stanton, who

dismissed several of Plaintiff's actions and warned Plaintiff that if he continued to file meritless actions, he could be barred from filing future actions IFP without prior permission.

In this action, Plaintiff alleges that the basis for jurisdiction is:

> Civil Rights violations, U.S. Postal Service violations, abuse of authority, mail fraud, tampering with court documents, lieing [sic], judicial misconduct, failure to honor grace period for courts, bad faith, defective court rulings, unperfected court document, failure to grant appellate relief sought, denial of appellee's default in court proceedings, appellee's failure to respond to court rulings, appellee's failure to merit judicial pro se barring for corporations.

(ECF No. 2 at 2.)

Plaintiff alleges that "Defendants are in assembly with mail fraud, tampering with court records for proceedings & bad faith by courts." (*Id.* at 5.) He seeks "$101 Trillion Dollars in punitive damages, amendments of court proceedings for Plaintiff alleged defaults in Appeals Courts, sanctions monetary of $500 Billion for civil rights violations; all other remedies available, new policies & guidelines for mail receipt and deliveries for parties, apology for wrongdoings, judicial amendments." (*Id.* at 5-6.)

## DISCUSSION

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

**A.     Judicial Immunity**

Plaintiff's claims against Chief Judge Colleen McMahon and Judge Louis L. Stanton must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Chief Judge Colleen McMahon and Judge Louis L. Stanton arise of out of their rulings and actions while presiding over Plaintiff's cases in this Court; such rulings and actions were within the scope of their judicial capacities and jurisdiction. The Court therefore dismisses Plaintiff's claims against Chief Judge Colleen McMahon and Judge Louis L. Stanton under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma*

*pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

## B. Clerk Immunity

Plaintiff's claims against Catherine O'Hagan Wolfe, Clerk of Court of the United States Court of Appeals for the Second Circuit, and Jane Doe, a Case Manager for the Second Circuit, must also be dismissed.

Absolute judicial immunity has been extended to those nonjudicial officers who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an ongoing judicial proceeding." *Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (citations omitted). Courts have held that this quasi-judicial immunity applies to county clerks within New York State, New York State court clerks, and grievance committee counsel when they perform tasks that are an integral part of the judicial process. *See Stephens v. Sullivan & Cromwell LLP*, No. 15-CV-1251 (LGS), 2015 WL 1608427, at *3 (S.D.N.Y. Apr. 9, 2015) (county clerk); *Garcia v. Hebert*, No. 08-CV-0095 (DFM), 2013 WL 1294412, at *12 (D. Conn. Mar. 28, 2013) (state-court clerk) (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997)); *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 F. App' x 121 (2d Cir. 2010) (grievance committee counsel).

Although Plaintiff's allegations against these Defendants are difficult to understand, Plaintiff does not allege that Defendants' actions were outside the scope of the functions associated with their positions in the Second Circuit. Because Plaintiff complains about actions that these Defendants performed in their official capacities as employees of the Second Circuit, Plaintiff's claims against these Defendants are foreclosed by absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

5

**C.     Sovereign Immunity**

Plaintiff also sues Benjamin Torrance, Esq.,[1] the Second Circuit Court of Appeals, the Second Circuit Court of Appeals Mail Department, the U.S. Attorney's Office for the Southern District of New York, and the U.S. Postal (Office) Service. Plaintiff's claims against these remaining federal Defendants must also be dismissed because such claims are barred by the doctrine of sovereign immunity.

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. *Roberson v. Greater Hudson Valley Family Health Ctr., Inc.*, ECF 1:17-CV-7325, 17,

---

[1] Benjamin Torrance, Esq. is the Assistant United States Attorney representing Chief Judge McMahon on appeal in *Johnson v. McMahon*, ECF 1:19-CV-5090, 8 (S.D.N.Y. June 26, 2019).

2018 WL 2976024, at *2 (S.D.N.Y. June 12, 2018); *see also* 28 U.S.C. § 2401(b). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *See id.* (citing *Castellanos v. Elrac Inc.*, No. 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008)). The exhaustion requirement is jurisdictional and cannot be waived. *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76, 82 (2d Cir. 2005). Exhaustion must be pleaded affirmatively. *See Ngono v. United States*, No. 17cv5517 (VEC) (DF), 2018 U.S. Dist. LEXIS 113762, at *16-17 & n.6 (S.D.N.Y. July 6, 2018) (collecting cases).

Here, there is no indication that Plaintiff has exhausted his administrative remedies under the FTCA. Therefore, to the extent that Plaintiff seeks to assert claims against these additional federal Defendants, the Court must dismiss Plaintiff's claims as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**D.    Eleventh Amendment**

Plaintiff's claims against Barbara D. Underwood, Esq., and the New York State Office of the Attorney General must also be dismissed.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*

Barbara D. Underwood, Esq., and the New York State Office of the Attorney General have not waived their Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's § 1983 claims against

7

Barbara D. Underwood, Esq., and the New York State Office of the Attorney General are therefore barred by the Eleventh Amendment and are dismissed.

E.  **Progressive Insurance Company**

Plaintiff names Progressive Insurance Company as a Defendant. Several of Plaintiff's previous actions were against Progressive Insurance Company, but Plaintiff does not assert any claims against this Defendant in this complaint. The Court therefore dismisses Plaintiff's claim against Progressive Insurance Company for failure to state a claim. *See* 28 U.S.C. § 1915(c)(2)(B)(ii).

In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## LITIGATION HISTORY

Plaintiff has filed numerous other cases here and in other federal district courts regarding the January 28, 2017 car accident. *See e.g., Johnson v. Victoria Fire & Casualty*, ECF 1:19-CV-2782, 5 (S.D.N.Y. August 29, 2019) (transferring action to the United States District Court for the Western District of New York); *Johnson v. Progressive Corp. Ins. Co.,* No. 19-CV-2103 (CEH) (M.D. Fla. filed Aug. 22, 2019); *Johnson v. Abel,* No. 19-CV-2865 (EAS) (S.D. Ohio Aug. 5, 2019) (dismissing action and deeming Plaintiff a vexatious litigator); *Johnson v. Smith*, No. 19-CV-2490 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Coe*, No. 19-CV-2428 (EAS) (S.D. Ohio Aug. 5, 2019) (same); *Johnson v. Law Offices of Jennifer S. Adams*, ECF 1:19-CV-6272, 4 (S.D.N.Y. July 15, 2019) (dismissing complaint as frivolous and for failure to state a

claim and warning Plaintiff under 28 U.S.C. § 1651); *Johnson v. Progressive Corp. Ins. Co.*, No. 19-CV-0826 (SO) (N.D. Ohio July 15, 2019) (denying Plaintiff's application to proceed IFP, dismissing the action without prejudice, and granting Plaintiff 30 days to pay the filing fee and file a motion to reopen); *Johnson v. Nationwide Ins., et al.*, No. 19-CV-1130 (S.D. Ohio June 5, 2019) (dismissing action for failure to state a claim); *Johnson v. Progressive Corp. Ins. Co.,* ECF 1:19-CV-2902, 9 (S.D.N.Y. May 22, 2019) (dismissing complaint without prejudice to the action filed in the Northern District of Ohio); *Johnson v. Victoria Fire & Casualty*, No. 19-CV-0154 (S.D. Ala. May 21, 2019) (dismissing action for failure to state a claim).

In light of this litigation history, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred as of the date of this order from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

9

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated    November 5, 2019
            New York, New York

                                              GREGORY H. WOODS
                                             United States District Judge