USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/12/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

     Plaintiff,

   -against-

CATHERINE O'HAGAN WOLFE; JANE
DOE (CASE MANAGER FOR 2ND CIRCUIT
APPEALS DOCKET "19-2174"); SECOND
CIRCUIT COURT OF APPEALS; SECOND
CIRCUIT COURT OF APPEALS MAIL
DEPARTMENT; JUDGE COLLEEN
McMAHON; JUDGE LOUIS L. STANTON;
BENJAMIN H. TORRANCE, ESQ.;
BARBARA D. UNDERWOOD, ESQ.; U.S
ATTORNEYS OFFICE FOR THE
SOUTHERN DISTRICT OF NEW YORK;
NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL; U.S. POSTAL
(OFFICE) SERVICE; PROGRESSIVE
INSURANCE COMPANY,

     Defendants.

19-CV-7337 (GHW)

BAR ORDER UNDER
28 U.S.C. § 1651

GREGORY H. WOODS, United States District Judge:

Plaintiff filed this action *pro se*. On November 5, 2019, the Court dismissed the action as

frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary

relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The

Court also noted that Plaintiff had filed numerous other cases here and in other federal district

courts arising out of a January 28, 2017 car accident in Buffalo, New York, and ordered Plaintiff to

show cause within thirty days why he should not be barred as of November 5, 2019, from filing

further actions *in forma pauperis* (IFP) in this Court without prior permission.

Plaintiff did not file a declaration as directed, but instead, on November 13, 2019, he filed a notice of appeal.[1] By Mandate dated July 9, 2020, the United States Court of Appeals for the Second Circuit denied Plaintiff's appeal and warned Plaintiff that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of both a monetary cation and a sanction that would require [Plaintiff] to obtain permission from this Court prior to filing any further submission in this Court (a 'leave-to-file' sanction)." *Johnson v. O'Hagan Wolfe*, No. 19-3981 (2d Cir. July 9, 2020).

Because Plaintiff has not filed a declaration to assert arguments against imposing the bar order, Plaintiff is barred as of November 5, 2019, from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this Court without first obtaining from the Court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this Court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the Court will dismiss the action for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v.*

---

[1] A review of the Public Access to Court Electronic Records (PACER) system reveals that since November 5, 2019, Plaintiff has continued to file actions in other federal district courts and in this Court, and he has filed numerous appeals, including 13 appeals filed in the United States Court of Appeal for the Second Circuit.

*United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he

seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    July 10, 2020

_____
GREGORY H. WOODS
United States District Judge